otherwise a clear interpretation of the existing statutory language.

Thus, while the abolition of joint liability in section (A) is clear, it is equally certain that in the process of abolition, the legislature carved out a particularized exception to the general rule, and in so doing, issued a clear mandate that the common law doctrine of joint liability among tortfeasors, as it pertains to actions covered by section (D)(2), is to be left undisturbed.[3]

## DISPOSITION

The statutory exception in A.R.S. § 12-2506(D)(2) preserves the common law principle of joint liability as the applicable law in "cause[s] of action relating to hazardous wastes or substances or solid waste disposal sites." We cannot and should not attempt to modify legislative policy evidenced by statutory language that is clear on its face.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.

IT IS ORDERED that the order granting review is vacated.

IT IS FURTHER ORDERED that the petition for review is dismissed.

Justice Martone dissents from the order dismissing this case on the following grounds: (1) under Arizona law, a mere presence instruction is never required because it is always implicit in the charge, and (2) in those close cases in which a trial judge chooses to give it, it must nevertheless be supported by the evidence.

Justices Feldman and Jones wish to add that they join the Court's order with confidence that the Court of Appeals was well aware that instructions need not be given unless supported by evidence. They are equally confident that the bar shares this view and will not misinterpret the Court of Appeals' opinion.

936 P.2d 1280

**STATE of Arizona, Appellee,**

v.

**Juan Jose PECINA, Appellant.**

**No. 1 CA–CR 94–0631.**

Court of Appeals of Arizona, Division 1, Department D.

April 15, 1997.

## ORDER

The court has considered the appellant's motion for order recalling mandate/granting leave to to file delayed petition for review by supreme court *in propria persona.* No response has been filed. Former counsel has submitted an affidavit stating that appellant received erroneous advice concerning the ne-

936 P.2d 1280

**STATE of Arizona, Appellee,**

v.

**Pedro NORIEGA, Jr., Appellant.**

**No. CR–96–0515–PR.**

Supreme Court of Arizona.

April 30, 1997.

## ORDER

It appearing to the Court that the grant of review in this case was improvident,

---

3. The court is aware of Senate Bill 1450 enacted during the first regular session of the 1997 Arizona State Legislature. Senate Bill 1450, if signed by the Governor, will repeal A.R.S. § 12-2506(D)(2). Repeal will raise new and different issues fully outside the scope of the question certified to us by the district court.